Thomas J. Mitchell, Esq. Town Attorney, Mount Pleasant
You have asked whether one person may simultaneously serve as the administrative assistant to the town supervisor and as a member of the zoning board of appeals.
The town board is required to appoint a zoning board of appeals (Town Law, § 267[1]). Members of the town board are ineligible for appointment to the zoning board of appeals (ibid.). It appears that the reason for this prohibition is the long standing common law prohibition against a board appointing one of its own members to a public office (Wood v Town of Whitehall, 120 Misc. 124 [Sup Ct, Washington Co, 1923], affd 206 App. Div. 786 [3d Dept, 1923]; Op Atty Gen No. 85-16). This prohibition, however, would not apply to the administrative assistant to the supervisor. The question remains whether the functions and duties of the two positions in question are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The zoning board of appeals reviews determinations made by administrative officials charged with enforcement of zoning regulations and hears other matters referred to it under the zoning regulations. The supervisor is a member of the town board. If your town board makes determinations that are subject to review by the zoning board of appeals, we believe that the administrative assistant to the supervisor would have divided loyalties in reviewing such decisions as a member of the zoning board of appeals. At least an appearance of impropriety would be present. If the board has no such responsibilities, however, in our opinion the two positions are compatible.
We conclude that one person may simultaneously hold the positions of administrative assistant to the supervisor and member of the town zoning board of appeals provided that the town board is not charged with making decisions subject to review by the zoning board of appeals.